to have the surrender accepted and to receive the rebate was conditional upon the lapse of thirty days without any violation of the Liquor Tax Law by their assignor. (*People ex rel. Miller v. Lyman*, 156 N. Y. 407. See, also the opinion of CHESTER, J., at Special Term, *Matter of Lyman*, 56 N. Y. Supp. 1020.)

It may be said that this construction of the law renders the assignee liable to be deprived of the security for his debt by the misconduct of his debtor subsequent to the transfer. That result, however, is due to the infirmity which the Legislature has attached to such property right as is represented by a liquor tax certificate. It is an infirmity which the courts have no power to cure.

The order appealed from should be reversed.

All concurred.

Order reversed, with ten dollars costs and disbursements, and application granted, with ten dollars costs.

---

Fourth Appellate Department, June, 1899. Reported. 41 App. Div. 625.

In the Matter of the Application of HARVEY F. REMINGTON, Respondent, for an Order Revoking and Cancelling Liquor Tax Certificate No. 13,136, Granted to GEORGE E. WEILAND, Appellant.

APPEAL from an order revoking and cancelling liquor tax certificate granted on petition in proceedings brought under subdivision 2 of section 28 of the Liquor Tax Law. Defendant Weiland admitted facts alleged in petition, but denied power of court to revoke.

*H. C. Spurr*, attorney for respondent, Remington.

To confine the penalties prescribed in subdivision 2 of section 34 to actual sales of liquor and not to violations of subdivision "h" of section 31, as well as to other subdivisions of that section, would render the remedial machinery of the law practically useless. A remedial statute should be construed to meet the object for which it was intended. (Sedgwick on the construction of

statute, second edition, page 308.)   The intention of the Legislature was to control, restrict and regulate the traffic.   (*People ex rel. Einsfeld* v. *Murray,* 149 N. Y. 378.)

No jurisdiction was conferred upon Courts of Special Sessions in the Liquor Tax Law of 1896.   It was, therefore, at that time, the plain intent of the Legislature to include in the penalty prescribed in subdivision 2 of section 34 of that act, violations of subdivision " h " of section 31.   In amending the law said subdivision 2 of section 34 and subdivision " h " of section 31 remain unchanged so far as they apply to this case.   The Legislature could not have intended to provide that if a certificate-holder *exposed* for sale or *gave* away liquors on Sunday, a Court of Special Sessions would have jurisdiction of the case; and that if he *sold* the liquors, jurisdiction would lie in a Court of Record.

The rule that penal statutes are to be strictly construed, yields to the paramount rule " that every statute is to be expounded according to the intent of them that made it." (Endlich on Interpretation of Statute, § 339; *Wilkinson* v. *Leland,* 2 Peters, 662. The primary object of all rules of interpreting statutes is to ascertain the legislative intent.   (Bishop on Statutory Crimes, § 70; *Riggs* v. *Palmer,* 115 N. Y. 506; *People ex rel. Einsfeld* v. *Murray,* 149 N. Y. 378; *People ex rel. Bagley* v. *Hamilton,* 25 App. Div. p. 430.)

For the purpose of ascertaining the intention of the Legislature, it is necessary to resort to the whole scheme as indicated by the act itself, the condition of the times and the various sections.   (Matter of Breslin, 45 Hun, 210.)   The whole act ought to be examined.   (Bishop on Statutory Crimes, § 82.)

A certificate must be revoked and cancelled for any violation of the Liquor Tax Law, conviction for which would cause a forfeiture and may be revoked for any other reason the court may deem sufficient.   Subdivision 2, section 28, Liquor Tax Law. The maintenance of stalls contrary to provisions of subdivision " h " of section 31 is sufficient ground for revoking certificate. (*Matter of Bradley* v. *Hall,* 22 Misc. 301.)   Failure to post a liquor tax certificate held sufficient ground for revocation. (*Matter of Lyman* v. *Fagan,* 26 Misc. 300.)

*Tuttle & Hallock,* attorneys for appellant.

The petition is made solely on " information and belief " and proves nothing.   (*R. W. & O. R. R.* v. *City of Rochester,* 10 State

Rep. 809; *Mowry* v. *Sanborn*, 65 N. Y. 584.) The order can-
celing the liquor tax certificate was unauthorized. (*In re Lyman*,
57 N. Y. Supp. 888.) The Liquor Tax Law is a statute complete
within itself and the penalties therein provided are exclusive.
(*People* v. *Kinney*, 24 App. Div. 309; *People* v. *Stock*, 26 App.
Div. 564.) The mere fact that the curtains were drawn does not
constitute a crime. It is a wilful violation of the act only that
warrants a conviction for the alleged offense. (*People* v. *Owens*,
148 N. Y. 648.)

The offense charged is one of which a Court of Special Sessions
has exclusive jurisdiction under subdivision 2 of section 35 of the
Act.

The offense charged is not one, conviction for which would
cause a forfeiture of the certificate under section 34, sudivision
2, and consequently not one for which a certificate may be revoked
under section 28.

Order affirmed, with ten dollars costs and disbursements.

All concurred, NASH, J., not sitting.